IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON L. STEWART,

    Petitioner,

v.                                        Civil Action No. 5:05CV188
                                       (Criminal Action No. 5:04CR18)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION THAT § 2255 MOTION
BE DENIED AS TO GROUND THAT PETITIONER
DIRECTED COUNSEL TO FILE AN APPEAL**

I.  Procedural History

On November 21, 2005, the pro se[1] petitioner Jason L. Stewart ("Stewart") filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. Subsequently, the petitioner filed a motion for leave to file an attachment to his petition. The government filed a response to the petition to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. On June 26, 2007, Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied as to all grounds, except as to petitioner's

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

contention that he received ineffective assistance of counsel because his attorney did not file an appeal of his sentence, as requested by the petitioner. This Court entered a memorandum opinion and order affirming and adopting the ruling of the magistrate judge in its entirety.

On August 14, 2007, the magistrate judge held an evidentiary hearing on the allegation that counsel failed to file an appeal as directed by the petitioner. The petitioner was represented at this evidentiary hearing by Assistant Federal Public Defender Brendan S. Leary. At this hearing, testimony was heard from both the petitioner and his former counsel, Lisa M. Bagay, Esquire. Thereafter, Magistrate Judge Seibert issued a second report and recommendation recommending that the petitioner's § 2255 motion be denied as to the ground that petitioner instructed his counsel to file an appeal. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed timely objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside, or correct sentence should be denied and dismissed.

## II. Facts

On July 15, 2004, the petitioner plead guilty in the Northern District of West Virginia to one count of possession with intent to distribute in excess of 50 grams of cocaine base. On December 1, 2004, the petitioner was sentenced to 262 months imprisonment.

After his sentencing, the petitioner filed a motion to vacate, set aside or correct a sentence by a person in federal custody, claiming ineffective assistance of counsel.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

Failure by a criminal defense attorney to file a notice of appeal when a client requests such action results in a deprivation of the defendant's Sixth Amendment right to the assistance counsel irrespective of the likelihood of success on appeal. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). "Counsel performs in a

professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

In this case, the petitioner contends that his former counsel, Lisa M. Bagay ("Ms. Bagay"), was ineffective for failing to file an appeal pursuant to his alleged requests on several occasions. Specifically, the petitioner testified that he told Ms. Bagay prior to his signing of the plea agreement that if he was sentenced to the high end of the federal sentencing guidelines, he wanted to appeal, to which Ms. Bagay responded "O.K." Thereafter, he testified that after receiving the presentence report designating him as a career offender, he instructed Ms. Bagay to file an appeal. The petitioner testified that Ms. Bagay allegedly told him at that time that it was too late to appeal because the signed plea agreement included a waiver of his appellate rights. The petitioner's last request allegedly came after his sentencing when prior to the United States Marshals Service removing him from the courtroom, he asked Ms. Bagay to file an appeal.

After making this final request, however, the petitioner admitted at the evidentiary hearing that he did not subsequently ask Ms. Bagay to file an appeal because he felt that he was just wasting his time. Indeed, the petitioner even testified that after his sentencing, he wrote Ms. Bagay letters both praising and thanking her for her excellent representation of him.

4

Contrary to the petitioner's testimony, Ms. Bagay testified at the evidentiary hearing that the petitioner never asked her to file an appeal at any time. She discussed her standard procedure regarding plea agreements for those defendants who can read, write, and understand the English language, explaining that she asks the defendant to read the agreement and explain each paragraph of the agreement to her. Ms. Bagay testified that she discussed with the petitioner his possible status of a career offender and being life eligible, and that his main concern from the beginning was that he did not want to "do life."

This Court has conducted a *de novo* review and concludes that Ms. Bagay was not ineffective for failing to file a notice of appeal. In light of the testimony given by the petitioner and Ms. Bagay, this Court finds that Ms. Bagay is a more credible witness. The petitioner expressly testified that he wrote letters to Ms. Bagay praising her representation of him. Although thanking an attorney for a job well done and asking that same attorney to file an appeal are "mutually exclusive propositions," as the petitioner explains in his objections to the magistrate judge's report and recommendation, that the petitioner wrote such letters now makes his testimony that Ms. Bagay ignored his continuous requests to file an appeal highly suspect. Accordingly, the petitioner's claim that Ms. Bagay was ineffective for failing to file a notice of appeal must be denied.

## V. Conclusion

Based upon a _de novo_ review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, affirmed and adopted in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 27, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE